**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SURINDER SINGH, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>FIDEL M. DE CASTRO,<br><br>   Defendant. | Case No. 15-cv-03732-BLF<br><br>**ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>[Re: ECF 1] |

## I.   INTRODUCTION

Fidel M. De Castro ("Defendant") removed this case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from Santa Clara County Superior Court, where it was pending as a complaint for unlawful detainer against Defendant. Notice of Removal ("Notice") 1, ECF 1. The Notice of Removal alleges diversity jurisdiction and federal question jurisdiction as a basis for removal. Notice ¶¶ 4, 9, ECF 1. The Court has reviewed the Notice of Removal and REMANDS this action to Santa Clara County Superior Court because the Court lacks subject matter jurisdiction for the reasons stated below.

## II.   BACKGROUND

Plaintiffs initiated this lawsuit on May 28, 2015, in state court. *See* Notice Ex. 3, ECF 1. The caption of Plaintiffs' Complaint reflects that the damages sought do not exceed $10,000. *Id*. On July 8, 2015, Defendant filed an answer in state court. *See* Notice Ex. 4, ECF 1. On July 21, 2015, Defendant removed this case to federal court and the Notice of Removal was filed in federal court on August 17, 2015. *See* Notice, ECF 1.

### III. LEGAL STANDARD

Federal courts have limited subject matter jurisdiction, and may only hear cases falling within their jurisdiction. Generally, a defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively so as to limit removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted). Any doubts as to removability should be resolved in favor of remand. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). A district court has a *sua sponte* obligation to ensure that it has subject matter jurisdiction over a case. 28 U.S.C. § 1447(c); *see also Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (stating that "[a] district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time"); *Maniar v. Federal Deposit Ins. Corp.*, 979 F.2d 782, 784-85 (9th Cir. 1992) (noting that a district court has power to remand a case *sua sponte* when it lacks subject matter jurisdiction).

### IV. ANAYLSIS

#### A. Defendant May Not Remove Based on Diversity Jurisdiction

The Notice of Removal asserts diversity jurisdiction as a basis for removal. Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. However, a "civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, the Notice of Removal asserts that "Defendant is a citizen of California." Notice ¶ 6, ECF 1. As a citizen of California, Defendant cannot invoke diversity jurisdiction under 28 U.S.C. § 1332 as a basis to remove an action filed in California state court.

Moreover, the amount in controversy requirement is not met. Defendant argues that

"Plaintiff's action against Defendant [is] to gain a piece of property worth more than $75,000. Defendant claims her damages exceed $75,000." Notice ¶ 8, ECF 1. However, unlawful detainer actions involve the right to possession alone, not title to the property, and the fact that the subject property may be worth more than $75,000 is irrelevant. *See, e.g., MOAB Inv. Grp., LLC v. Moreno*, No. C14-0092 EMC, 2014 WL 523092, at *1 (N.D. Cal., Feb. 6, 2014); *Maxwell Real Estate Inv. LLC v. Bracho*, No. C12-02774 RMW, 2012 WL 2906762, at *1 (N.D. Cal., July 13, 2012). The Plaintiffs' Complaint clearly indicates that the amount demanded does not exceed $10,000, *see* Notice Ex. 3, ECF 1, and under 28 U.S.C. § 1332(a), district courts do not have original jurisdiction over civil actions where the amount in controversy does not exceed $75,000.

### B. Defendant Has Not Demonstrated Federal Question Jurisdiction

The Notice of Removal also asserts federal question jurisdiction as a basis for removal. Defendant alleges defenses or counterclaims involving the Fair Debt Collection Practice Act, Fair Credit Reporting Act, and possible discrimination under the Fair Housing Act. Notice ¶ 9, ECF 1. "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). That rule applies equally to evaluating the existence of federal questions in cases brought initially in federal court and in removed cases. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 n. 2 (2002). A federal question exists only when it is presented by what is or should have been alleged in the complaint. *Id*. at 830. The implication of a federal question through issues raised by an answer or counterclaim does not suffice to establish federal question jurisdiction. *Id*. at 831; *see also ARCO Envtl. Remediation, LLC v. Dept. of Health and Envtl. Quality of the State of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000) ("A case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint."). Thus, any anticipated defenses or counterclaims involving the Fair Debt Collection Practice Act, Fair Credit Reporting Act, and possible discrimination under the Fair Housing Act are not valid grounds for removal.

## V.  ORDER

For the reasons stated above, there is no basis for federal subject matter jurisdiction over this unlawful detainer action and the removal of this case was improper.  Accordingly, the Court REMANDS this case to the Santa Clara County Superior Court.

**IT IS SO ORDERED.**

Dated: August 20, 2015

_____
BETH LABSON FREEMAN
United States District Judge